## GRANT v. GRIFFITH.

(Supreme Court, Appellate Division, Third Department. March 8, 1899.)

1. SALES—BUYER'S ORDER—ACCEPTANCE.

A buyer sent by a seller's agent a written order, subject to seller's approval, to ship him an engine and boiler, on delivery of which he agreed to give his notes for a specified price and dated on the day of delivery. *Held*, that the order was not accepted until the engine and boiler were delivered.

2. SAME—CONDITIONAL—DUPLICATE CONTRACT.

Laws 1888, c. 225, § 7, provides that Laws 1884, c. 315, relating to conditional sales of personal property on credit, shall not apply to en-

gines and boilers, "provided that the contract for the sale of the same be executed in duplicate, and one duplicate shall be delivered to the purchaser." *Held*, that a written order sent to a seller for an engine and boiler, of which order the buyer retained an unsigned copy, was not a duplicate contract, within the meaning of the statute.

Appeal from special term.

Action by Israel P. Grant, as surviving partner, etc., against Ezra P. Griffith. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Frederick Collin, for appellant.

Carver, Deyo & Jenkins, for respondent.

MERWIN, J. The controversy in this case is over the title of an engine and boiler delivered by the Huber Manufacturing Company, of Marion, Ohio, to B. C. Barnum, on or about the 27th April, 1892. The plaintiff claims that there was an executory or conditional sale of the property by the Huber Company to Barnum, the condition being that the title should remain in the company until the price was paid; that the price was never fully paid; and that the plaintiff has become the owner of all the rights of the company. The claim of the defendant is that the condition in the sale was, under the provisions of chapter 315 of the Laws of 1884, relating to the conditional sale of personal property on credit, void, and the title absolute as to subsequent purchasers and mortgagees in good faith.

It was conceded that the contract of sale was not filed as required by section 2 of the act, and it was shown that the defendant was a subsequent mortgagee in good faith, and in possession, as such, at the time of the commencement of this action by plaintiff to recover the possession. The defendant, therefore, would be protected by the act, unless, as claimed by the plaintiff, the contract of sale was not accompanied by an immediate delivery, and was therefore not within the provisions of the act, or unless the rights of the Huber Company were preserved by the provisions of section 7 of the act as amended by chapter 225 of the Laws of 1888, which provides that the act shall not apply, among other articles, to engines and boilers, "provided that the contract for the sale of the same be executed in duplicate, and one duplicate shall be delivered to the purchaser." The plaintiff was engaged in business at Elmira. On the 13th April, 1892, he, by an agent, applied to Barnum, who lived in the town of Colesville, in Broome county, and obtained from him a written order, signed by him, directed to the Huber Manufacturing Company, for the shipment to him of the property in question, the price being stated; for which Barnum agreed to give notes payable at certain dates, and the notes to be dated on the day the machinery was delivered. The order stated that "this machinery is to remain the property of the Huber Manufacturing Company until paid for." On the back of the order was a "Property Statement" signed by Barnum, and also a statement that the order must be submitted for approval to the company. At the time this order was taken, the agent of plain-

tiff had two blank orders, which he filled up and handed to Barnum to sign, and Barnum signed one and handed it back, and kept the other, which was not signed by any one. The property was delivered to Barnum two or three weeks after the order was given, and was never fully paid for. The only contract of sale was the order followed by the delivery.

. The statute of 1884 (chapter 315, § 1) is limited to contracts for the conditional sale of goods, "which shall be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things contracted to be sold." The argument in support of the proposition that the contract of sale was not accompanied by an immediate delivery is, in substance, that, upon the approval by the Huber Company of the order taken by plaintiff, the contract became operative as of the 13th April, the date of the order, and that, as the property was not delivered until two or three weeks after that date, there was no immediate delivery. There was, however, no approval or acceptance of the order until the delivery was made. The fact of delivery is the evidence of approval and acceptance. The date of the delivery was to be the date of the notes to be given for the price. There was, in fact, no contract of sale till the delivery was made. There was nothing binding on the company until that point of time, and then there was an immediate delivery. The contention of the appellant in this regard seems to be without foundation. The case of Elevator Co. v. Callanan, 11 App. Div. 301, 42 N. Y. Supp. 930, is not applicable. In that case the contract was to erect in an hotel an elevator, according to certain plans and specifications, and the elevator was to be thereafter made.

The further question is whether the contract was executed in duplicate, and one duplicate delivered to the purchaser. It is argued that the unsigned copy of the order which Barnum kept satisfied the statute. We think not. An execution in duplicate means that there must be two originals of the same tenor. Ordinarily a contract is executed in duplicate so that each party may have an original in his possession. A copy is not a duplicate. 10 Am. & Eng. Enc. Law, (2d Ed.) 318. The statute in question necessarily called for a written instrument, and the purpose of the act required that the duplicate to be held by the purchaser should be signed by the seller. Whether it was necessary for both parties to sign each is a question not necessary here to determine. Undoubtedly that would be the better way. It follows that, assuming the plaintiff to possess all the rights of the Huber Company, about which some question is made, the defendant is protected by the statute of 1884. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.